# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1508

_____

Donetria Yancy; Darius Keon Branch

*Plaintiffs - Appellants*

v.

America's Preowned Selection LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: August 2, 2016
Filed: August 5, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Donetria Yancy and Darius Keon Branch (collectively "Appellants") appeal the district court's order granting summary judgment in favor of America's Preowned Selection LLC (Appellee) on both of their § 1638(a) Truth in Lending Act (TILA) claims. For the reasons discussed below, we reverse in part and affirm in part.

## I.  BACKGROUND

In February 2014, Appellants purchased a 2005 Land Rover Range Rover from Appellee.  Appellants financed the vehicle with Appellee.  In accordance with the TILA, Appellee prepared a disclosure statement.  The Conditional Sales Security Agreement and Federal Truth in Lending Disclosure Statement showed that Appellants paid $7,000 cash down, financed $10,000, and paid a $75 fee.  The payment schedule noted that Appellants would pay $2,400 on February 11, 2014, and $4,675 on February 12, 2014, and then make fifty $200 payments biweekly beginning on February 25, 2014.  Although the Appellee prepared the TILA disclosure statement, Appellants claim that they never received a copy to keep at the time of the sale.  When Appellants fell behind on the biweekly payments and failed to keep adequate insurance coverage, Appellee repossessed the vehicle.

Appellants filed their original complaint on September 29, 2014, alleging that Appellee had violated the TILA by failing to provide Appellants with a copy of the TILA disclosure statement.  As part of Appellee's Rule 26(a) required disclosures, it attached a copy of the Conditional Sales and Security Agreement and Federal Truth in Lending Disclosure Statement.  Based on allegedly new information in the Rule 26(a) disclosures, the TILA disclosure statement, Appellants filed an amended complaint, adding another violation of 15 U.S.C. § 1638(a).  Appellants alleged that Appellee disclosed "an incorrect total of payments in the TILA disclosures provided to Plaintiffs."  Appellants moved for partial summary judgment on the claim regarding the incorrect total of payments in the TILA disclosures.  Appellee moved for summary judgment on both claims.

The district court denied Appellants' partial motion for summary judgment and granted Appellee's motion for summary judgment stating that (1) there was no evidence Appellee failed to give Appellants a copy of the disclosures, and (2) even if Appellants did not receive the disclosures, there was no evidence of actual

damages. The district court also held that because the purchase agreement clearly showed that Appellants had to pay a $75 fee (which they actually paid at the time of purchase), the "failure to include the $75 in the total amounts of payments in the TILA disclosure portion of the purchase agreement [did] not violate the disclosure requirements of the TILA." Appellants now appeal both rulings.

## II.    DISCUSSION

We review the district court's grant of summary judgment de novo, Landers Auto Grp. No. One, Inc. v. Cont'l W. Ins. Co., 621 F.3d 810, 812 (8th Cir. 2010), and view all evidence in the light most favorable to the nonmoving party, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is only proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A motion for summary judgment must be supported by "citing to particular parts of materials in the record," or by "showing that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Id. 56(c)(1).

### A.    TILA Disclosures

Appellants argue that the district court erred by interpreting their 15 U.S.C. § 1638(a) claim as a 15 U.S.C. § 1638(b) claim. We agree. This distinction between subsections (a) and (b) is important because "[a] violation of subsection 1638(b)(1) does not trigger a grant of statutory damages." Wojcik v. Courtesy Auto Sales, Inc., No. 8:01CV506, 2002 WL 31663298, at *5 (D. Neb. 2002); 15 U.S.C. § 1640(a)(4). In the amended complaint, Appellants cite 15 U.S.C. § 1638*(b)(1)*, which discusses the form and timing of disclosures, and state, "The TILA demands that a creditor provide the disclosures required under TILA to the consumer before credit is extended, and in a written form that the consumer can keep." The Appellants then

allege that Appellee "violated the disclosure requirements of 15 U.S.C. § 1638*(a)* by failing to provide a disclosure statement . . . in a written form the consumer could keep, *prior* to the extension of credit." The district court interpreted this claim as a violation of § 1638(b)(1), not § 1638(a), stating that "[e]ven assuming that defendant failed to give plaintiffs a copy of the disclosures in a form they could keep, a violation of § 1638(b)(1) does not trigger a grant of statutory damages."

Appellants argue that although they mentioned timing, which would be a § 1638(b)(1) argument, the root of their claim is that Appellee did not give Appellants a copy of the TILA disclosures to keep at all, which is a § 1638(a) argument. Based solely on the amended complaint, it is possible to see how the district court construed it as a § 1638(b)(1) argument. However, both parties in their separate motions for summary judgment, briefed and argued the issue of whether Appellants received the disclosures at all, a § 1638(a) issue. Thus, the district court erred in interpreting this claim as a 15 U.S.C. § 1638(b) claim.

Evaluating the evidence as it applies to § 1638(a), we find that there is a genuine issue of material fact that precludes a grant of summary judgment. Stephanie Glover, Appellee's office manager, stated in an affidavit that after going over the Conditional Sales Security Agreement and Federal Truth in Lending Disclosure Statement, Appellants signed or initialed the document and were given copies. Appellee also stated that these documents, which evidence the transfer of ownership of the vehicle, "are given to all car buyers at every sales transaction in the ordinary course of business." Conversely, Appellants argue that they never received a copy of the Truth in Lending Disclosure Statement at the time of the sale. They say they are "sure of this because [they] kept all of the documents that [Appellee] provided [them] with, and the Truth in Lending Disclosure statement was not among them." Given the contradictory testimony and lack of evidence in support of Appellee's motion for summary judgment, and viewing the evidence in the light most favorable to the nonmoving party, Anderson, 477 U.S. at 255, we reverse the district court's

-4-

grant of summary judgment in favor of Appellee on this claim and remand for further proceedings consistent with this opinion.

## B.    Total of Payments

Appellants also argue that the district court erred by finding that Appellee had properly disclosed the "total of payments" in the TILA disclosure statement it provided to Appellants. We disagree. As discussed above, the Conditional Sales Security Agreement and Federal Truth in Lending Disclosure Statement showed that Appellants paid $7,000 in cash, financed $10,000 through Appellee, and paid $75 for official fees. Although the payment schedule included the $75 for official fees as part of the payment to be made on February 12, 2014, the "total of payments" did not take into account the $75 fee and lists $17,000 as the amount, which is the source of this alleged TILA violation.

The TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). "Its limited office is to protect consumers from being misled about the cost of credit." Gibson v. Bob Watson Chevrolet-Geo, Inc., 112 F.3d 283, 285 (7th Cir. 1997). Here, there is no indication that Appellants were misled about the loan, or the separate $75 fee they paid, for that matter. The Conditional Sales Security Agreement and Federal Truth in Lending Disclosure Statement clearly stated that Appellants were required to pay a separate fee of $75, which they paid on February 12, 2014, along with the remaining balance of the down payment. Moreover, to fall within the confines of the TILA, the forfeited disclosure must relate to "the amount of *credit* that is being extended on the loan at issue." Scott v. Forest Lake Chrysler-Plymouth-Dodge, No. 3-96-671, 1997 WL 34642654, at *4 (D. Minn. 1997). "Credit is the amount financed – the loan." Id. Appellants are "complain[ing] about [a]

figure[] that had no impact on the amount [they] financed." Id. Thus, we affirm the district court's grant of summary judgment in favor of Appellee on this claim.

## III.    CONCLUSION

The  judgment of the district court is reversed in part and affirmed in part.  In regard to the TILA disclosure claim, we reverse the district court's grant of summary judgment in favor of Appellee because there is a genuine dispute of material fact that must be resolved, and we remand for further proceedings consistent with this opinion. The district court's grant of summary judgment in favor of Appellee on the "total of payments" claim is affirmed.

_____